UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION, a Delaware corporation; GE EQUIPMENT CORPORATE AIRCRAFT TRUST 2012-1, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>RELYAID GLOBAL HEALTHCARE, INC., a California corporation; INTERNATIONAL MANUFACTURING GROUP, INC., a California corporation; DBS AIR, LLC, a California limited liability company; DEEPAL S. WANNAKUWATTE, an individual; BETSY K. WANNAKUWATTE, an individual, and WESTERN BUILDING SPECIALTIES OF SACRAMENTO<br><br>Defendants. | Case No.: 2:13-cv-01683-JAM-KJN<br><br>**ORDER GRANTING PLAINTIFF GENERAL ELECTRIC CAPITAL CORPORATION'S APPLICATION FOR WRIT OF POSSESSION AGAINST DEFENDANT RELYAID GLOBAL HEALTHCARE, INC.**<br><br>Date: October 9, 2013<br>Time: 9:30 a.m.<br>Place: Courtroom 6, 14th Flr.<br><br>Honorable John A. Mendez<br><br>Assigned to Magistrate Judge Kendall J. Newman<br><br>Compl. Filed: Aug. 15, 2013<br>Amended Compl. Filed: Aug. 30, 2013<br>Trial Date: Not Yet Set |

**ORDER**

Plaintiff General Electric Capital Corporation ("GECC") filed an Application for Writ of Possession against Defendant Relyaid Global Healthcare, Inc. ("Defendant" or "Relyaid Global Healthcare, Inc."), which came on for hearing on October 9, 2013, at 9:30 a.m., in the above-entitled Court located at the Sacramento Division, 501 I Street, Sacramento, CA, 95814.  Upon consideration of the pleadings, the papers, and the arguments of counsel, and good cause shown,

**THE COURT MAKES THE FOLLOWING FINDINGS:**

1. Defendant has been properly served as required by California Code of Civil Procedure § 515.010.

2. GECC has established the probable validity of its claim to the Equipment more fully described in the Amended Complaint.

3. Based on the information presented to the Court at the hearing on this matter, at present there appears to be no Equipment located in the United States.  Notwithstanding, GECC has established that it is entitled to the relief requested in the Application for Writ of Possession.

5. GECC has not filed an undertaking.

6. Pursuant to California Code of Civil Procedure section 515.010(b), an undertaking is not required at this time.

**IT IS HEREBY ORDERED that:**

1. A writ shall issue as follows:

   A. Upon further submissions by GECC identifying Equipment in sufficient detail to allow a levying officer within whose jurisdiction such property is located to seize such Equipment, the clerk of this Court shall issue a writ of possession as provided in Federal Rules of Civil Procedure 64 and California Code of Civil Procedure § 512.010 et seq., directing the levying officer within whose jurisdiction the property described above, or some part thereof, is located, to seize such Equipment and retain custody of it as provided by California Code of Civil Procedure § 514.010-514.050; and

[PROPOSED] ORDER GRANTING PLAINTIFF GENERAL ELECTRIC CAPITAL CORPORATION'S APPLICATION FOR WRIT OF POSSESSION

1   B. GECC is not required to file an undertaking at this time. Upon further submissions by GECC identifying Equipment which it requests be seized, the Court will determine whether an undertaking will be required and issue a supplemental order which may include a requirement that an undertaking be filed. If an undertaking is required, GECC will file such an undertaking and the clerk shall then issue a writ of possession as provided above.

4. The Clerk of this Court shall attach a copy of this order and any supplemental orders that the Court may enter to the writ.

5. The levying officer may enter private premises where any Equipment may be located to effectuate the terms of this Order.

6. If Defendant is ordered to transfer possession of Equipment to GECC in any supplemental orders, it shall transfer possession of such Equipment within 5 business days of the date of any such supplemental order. Failure to turn over possession of any Equipment may result in Defendant being held in contempt.

7. Defendant is prohibited from moving, selling, destroying, concealing, altering, impairing, or otherwise harming any Equipment, wherever located, which relates to the loan funded by GECC for the Defendant's benefit.

DATED: 10/15/2013

/s/ John A. Mendez
Honorable John A. Mendez
United States District Court Judge