UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>RELYAID GLOBAL HEALTHCARE, INC. et al.,<br><br>    Defendants. | No.  2:13-cv-1683-JAM-KJN<br><br>ORDER |

On October 23, 2013, plaintiffs General Electric Capital Corporation and GE Equipment Corporate Aircraft Trust 2012-1, LLC ("plaintiffs") filed a Motion To Compel Further Responses To Plaintiffs' First Set Of Requests For Production Of Documents.[1]  (ECF No. 56.)  Plaintiffs set the motion to be heard on November 21, 2013, and filed a memorandum of points and authorities, supporting attorney declaration, and a proposed order.  (Id.)

Eastern District Local Rule 251(b)-(c) requires parties to a discovery dispute to meet and confer to attempt to resolve their dispute, and if no resolution occurs, those parties are to work together to prepare a Joint Statement Re Discovery Disagreement.  E.D. Cal. L.R. 251(b)-(c).  However, plaintiffs take the position that this particular pending discovery disagreement falls

---

[1] This matter proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(1).

1

within the scope of Eastern District Local Rule 251(e), which excuses parties from submitting the otherwise-required Joint Statement Re Discovery Disagreement and permits a discovery motion to be filed on 14 days' notice instead of 21 days' notice. (ECF No. 56 at 5.)

Plaintiffs' argument that their dispute falls within the scope of Local Rule 251(e) is not well-taken. To be sure, plaintiffs accurately quote Local Rule 251(e): "the joint statement requirement is inapplicable 'when there has been a complete and total failure to respond to a discovery request . . . .'" (ECF No. 56 at 5.) However, then plaintiffs argue that their motion challenges the completeness of defendants' document production, and that "Federal Rule of Civil Procedure 37(a)(4) makes clear that incomplete discovery responses are treated as a failure to respond," such that plaintiffs' motion involves a "complete and total failure to respond to a discovery request" and thus that they need not prepare a Joint Statement. (Id.) The undersigned disagrees.

While Federal Rule of Civil Procedure 37(a)(4) provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond," this provision does not require that Eastern District Local Rule 251(e) be read to say other than what its plain text provides:

> Exceptions from Required Joint Statement re Discovery Disagreement. The foregoing requirement for a Joint Statement re Discovery Disagreement shall not apply to the following situations: (1) *when there has been a complete and total failure to respond to a discovery request or order, or (2) when the only relief sought by the motion is the imposition of sanctions*. In either instance, the aggrieved party may bring a motion for relief for hearing on fourteen (14) days notice. The responding party shall file a response thereto not later than seven (7) days before the hearing date. The moving party may file and serve a reply thereto not less than two (2) court days before the hearing date.

E.D. Cal. L.R. 251(e) (emphasis added). The text of the Local Rule excuses the Joint Statement requirement in cases where "there has been a complete and total failure to respond to a discovery request or order, or (2) when the only relief sought by the motion is the imposition of sanctions." (Id.) Here, rather than a "complete and total failure to respond to" plaintiffs' request for production of documents, defendant RelyAid Global Healthcare Inc. ("defendant") apparently responded to the request and *produced some documents*. (ECF No. 56 at 5.) Plaintiffs challenge

the completeness of defendant's production, arguing that there are pages and categories of documents missing. (Id.) In short, this is not a discovery disagreement involving defendant's "complete and total failure to respond to" plaintiffs' request for production of documents; instead, the disagreement is about the *adequacy of* defendant's production and defendant's alleged failure to produce certain cancelled checks, complete copies of bank statements, and other documents in response to plaintiffs' request for production. In other words, it is not a disagreement involving a defendant that has *completely ignored* plaintiff's request for production as envisioned by Local Rule 251(e). Accordingly, a Joint Statement Re Discovery Disagreement is required. E.D. Cal. L.R. 251(c).

Plaintiffs filed their pending motion on October 23, 2013, so they have provided more than the requisite 21 days' notice, and the November 21, 2013, hearing date is still several weeks away. As a result, the parties have ample time to continue to meet and confer about their dispute, to work together to craft a Joint Statement, and to avoid facing potential sanctions for discovery abuses.

Given the undersigned's determination that that the Joint Statement requirement applies to the pending dispute, the undersigned will not consider plaintiffs' memorandum of points and authorities and attorney declaration filed with the notice of motion on October 23, 2013; plaintiffs shall include their legal arguments and any supporting declarations as part of the Joint Statement to be filed pursuant to this order and Local Rule 251(c).

Accordingly, IT IS HEREBY ORDERED THAT:

1. Both parties are to meet and confer in good faith in efforts to resolve the pending discovery disagreement.
2. The parties are to file, no later than **November 14, 2013**, either:
    a. A Joint Statement re Discovery Disagreement consistent with the requirements of Local Rule 251(c), or
    b. A statement listing the parties' good faith efforts to meet and confer (including efforts to meet and confer specifically regarding preparing the Joint Statement), the dates and times of such efforts, and the reasons why such good

faith efforts were unsuccessful.  E.D. Cal. L.R. 251(d).

3. The hearing presently set for November 21, 2013, will remain on calendar.  However, a failure to comply with this order and/or the court's local rules may result in the hearing being dropped from calendar, or an entry of an order adverse to the party failing to comply.  E.D. Cal. L.R. 251(d).

4. Given the undersigned's determination that that the Joint Statement requirement applies to this particular dispute, the undersigned will not consider the memorandum of points and authorities and attorney declaration filed with the notice of motion on October 23, 2013; plaintiffs shall include their legal arguments and any supporting declarations as part of the Joint Statement to be filed pursuant to this order and Local Rule 251(c).

IT IS SO ORDERED.

Dated:  October 29, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE